

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. H. A. Jamison, Commissioner
State Department of Banking
Austin 14, Texas

Dear Sir: :

Opinion No. 0-6154
Re: Whether the Mutual Deposit
and Loan Company, Austin,
Texas, may by charter
amendment change its cor-
porate name to "Mutual
Deposit Company".

Your letter of February 6, 1945, requesting the opinion of this department on the question stated therein is as follows:

"We have received a letter from Mr. Fred C. Morse, President of the Mutual Deposit & Loan Company, Austin, Texas, a copy of which is en-closed. This letter has to do with a proposed change in corporate name. It is our opinion that we are without authority to approve a char-ter amendment that would result in subject cor-poration being permitted to use the name desired by reason of the provisions of Sub-section 1, Sec. 30 of the Building and Loan Code, which Section would seem to require the name of an association changed by amendment to terminate with the words 'building and loan association' or 'savings and loan association' neither of which term the subject corporation desires to use.

"We have made no special check as to the legality of the present corporate name, but we presume that its use is appropriate by reason of the fact that said company was organized prior to the passage of the Building and Loan Code at the Second Called Session of the 41st Legislature in 1929 which code included the special language mentioned under Sub-section 1, Section 30. Further-more, there is a possibility in our opinion that

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the intent of the Legislature was to require savings and loan associations to use a name that would identify their business as contradistinguished from a banking business when it enacted the subsection to which reference is made, thus causing the sphere of influence as exercised by savings and loan associations and banking associations to be distinctly understood by the public with which each type of financial institution deals.

"We desire information, therefore, as to whether or not the Mutual Deposit & Loan Company, Austin, Texas, may by charter amendment change its corporate name to read The Mutual Deposit Company."

Article 881a-29 Vernon's Annotated Civil Statutes, provides, in part;

". . . . 1. The name assumed by the association, which shall not be the name assumed by any other association incorporated under this law, nor so similar as to be liable to mislead. The name of the association hereafter chartered shall terminate with the words 'Building and Loan Association', or 'Saving and Loan Association', and associations heretofore chartered, may by amendment to their charter, change the name of their association so as to provide for such terminology."

Article 881a-31, Vernon's Annotated Civil Statutes, is as follows:

"Any building and loan association heretofore or hereafter incorporated under the laws of this State, may, by resolution adopted by two-thirds vote of shares represented and voted at any annual meeting, or at any meeting held for that purpose, increase its authorized capital stock or amend its articles of association or by-laws in any manner not inconsistent with the provisions of this act. No such increase of capital stock nor amendment to the articles of incorporation or to the by-laws shall have effect until a copy of such resolution, certified by the president and secretary of such association, shall be filed, approved and recorded in the manner as provided in this law."

Hon. H. A. Jamison, page 3

Generally speaking, it is stated in Hildebrand's Texas Corporations, Vol. 1, page 128:

"A name of some kind is essential to the existence of a corporation, but insofar as there are no restrictions in the charter, the corporation may adopt any name that it sees fit, provided the name selected is not the same as, or so similar to that of another business conducted in the same field of operation that the public may be deceived or the original user may be deprived of the good will of his business."

The general rule with reference to the change of corporate names as stated in Corpus Juris Secundum, Vol. 18, page 569 is:

"A statute conferring the general power to alter or amend a charter includes the power to alter the corporate name. An act which provides that an existing corporation shall or may change its name, changes in an essential particular the organic law of such corporation and is therefore an amendment of its charter and subject to a constitutional provision relating to amendatory acts. . . ."

It is stated in American Jurisprudence, Vol. 13, page 276.

"A general method by which corporations may change their name is usually expressly provided for by statute; but a constitutional provision that corporations may be formed only by general laws and not by special act, except for municipal purposes, is not violated by a special act changing the name of an existing corporation. A general power to alter or amend the charter of a corporation necessarily includes the power to alter the name of the corporation. . . ."

693

Hon. H. A. Jamison, page 4

It will be noted that Article 881a-31 authorizes any building and loan association to amend its articles of association or by-laws in any manner not inconsistent with the provisions of the Act. It will be seen from the foregoing authorities that a general power to alter or amend the charter of a corporation necessarily includes the power to alter the name of the corporation. However, it is apparent that this general power has been restricted with reference to building and loan associations by Section 1 of Article 881a-29. This statute expressly provides that the name of the associations hereafter chartered shall terminate with the words "building and loan association" or "saving and loan association". And associations heretofore chartered may, by amendment to their charter, change the name of their associations so as to provide for such terminology.

It is our opinion that any building and loan association heretofore chartered may by amendment to their charter change the name of their association; however, if any building and loan association changes its name, it must comply with the provisions of Article 881a-29. The name of the association must terminate with the words "building and loan association" or "saving and loan association."

Specifically answering your question, it is our opinion that the Mutual Deposit and Loan Company cannot legally by charter amendment change its corporate name to "Mutual Deposit Company."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:rt

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN